IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

**SHIRLEY RIOS,**      CASE NO.:

    **Plaintiff,**

vs.

**FFI HOLDINGS FLORIDA, INC.**
**d/b/a La Familia Pawn & Jewelry, a**
**Florida Corporation,**

    **Defendant.**                              /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHIRLEY RIOS ("Plaintiff"), by and through undersigned counsel, herby files this complaint against Defendant, FFI HOLDINGS FLORIDA, INC. d/b/a La Familia Pawn & Jewelry, a Florida Corporation ("Defendant"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action brought pursuant the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), the Americans with Disabilities Act, as amended, 42 U.S.C. 12101, et seq. ("ADAAA"), and the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 et seq. ("FCRA"), to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

2. Plaintiff is an adult individual who resides in Orange County, Florida.

3. Defendant is a Domestic Corporation, licensed and authorized to conduct business in the State of Florida, doing business in Orange County, Florida.

4. At all times relevant hereto, Defendant maintained an office in Orange County, Florida.

5. At all times relevant hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA, ADAAA, and FCRA.

6. At all times relevant hereto, Defendant was, and continues to be, "employers" within the meaning of the FMLA, ADAAA, and FCRA.

7. Defendant is an employer under the FMLA because it was engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day within a 75 mile radius during each of 20 or more calendar workweeks in the current or preceding calendar year.

8. Defendant is an employer under the ADAAA and the FCRA because, at all relevant times, it employed greater than 15 employees.

## JURISDICTION AND VENUE

9. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving the FMLA and ADAAA. Jurisdiction over Plaintiff's FCRA claim arises under the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

10. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Orange County, Florida.

11. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Orange County, Florida.

12. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 25, 2017, which was dual filed with the Florida Commission on Human Relations (FCHR), with respect to her ADAAA and FCRA claims. On May 14, 2019, the EEOC issued its right-to-sue letter. Therefore this complaint is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

## FACTUAL ALLEGATIONS

13. Plaintiff was hired by the Defendant around September 2014 as an Assistant Manager. Plaintiff was paid at an hourly rate of $16.00 per hour and worked forty-eight (48) hours per week. Plaintiff's annual income was approximately $48,000 per year.

14. Over the course of Plaintiff's employment with Defendant, Plaintiff was a stellar employee, never receiving a single write-up or negative performance review.

15. Around February 2016, Plaintiff suffered an injury that required a brief hospitalization.

16. Around June 2016, Plaintiff suffered another injury that required an additional brief hospitalization.

17. Around the same time, June 2016, Plaintiff was dealing with some personal issues that required her attention outside of work.

18. Due to the number of hours the Assistant Manager position required, Plaintiff considered other positions available with Defendant that would allow her some

additional free time.

19. Plaintiff inquired with Regional Manager, Jon Mejia, with regard to other available positions with Defendant that would provide a reduced work load. She also inquired as to the rate of pay for those positions. The rate of pay was a particularly important factor because Plaintiff could not afford any substantial decrease in pay.

20. Plaintiff ultimately did not take any further action on changing positions and continued working in her position as Assistant Manager.

21. Around July 2016, Plaintiff had a sudden onset of severe pelvic pain and blood in her urine.

22. Plaintiff went to the hospital where she was informed she had a kidney infection and a mass in her ovaries that was causing bleeding. Plaintiff was required to remain in the hospital for around one week.

23. While Plaintiff was in the hospital she was in constant communication with her supervisors and ensured they were informed of her need for leave.

24. As soon as Plaintiff was discharged from the hospital she reached out to Mr. Mejia and asked when she could meet with him so that she could provide all the necessary paperwork supporting her need for leave due to her hospitalization.

25. The next day, Plaintiff met Mr. Mejia at the store location where she worked. He informed her that they were transferring her, effective immediately, to a new store location.

26. Plaintiff immediately set off to the new store location to begin her work day. When she arrived at her new store she proceeded to clock in and discovered that her

Assistant Manager card did not work. To Plaintiff's surprise, she learned that while she was in the hospital she had been demoted.

27. In her new role, Plaintiff was not permitted to work more than thirty-two hours per week. As such, her income potential decreased by about $15,000 annually.

28. Plaintiff was not given any explanation for her demotion.

29. At all times, Plaintiff was ready, able, and willing to perform the essential functions of the Assistant Manager position.

30. Plaintiff believes she was discriminated against because of her actual and/or perceived disability, and in retaliation for requesting protected leave to obtain hospital treatment for her kidney and ovary condition.

31. Due to Defendant's discrimination and retaliation, Plaintiff had no choice but to resign effective October 17, 2016.

## COUNT I
## FMLA - RETALIATION

32. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through thirty-one (31), above, as if fully set forth herein

33. At all times relevant hereto, Defendant retaliated against Plaintiff because she exercised her right to take leave from work that was protected under the FMLA.

34. At all times relevant hereto, Defendant retaliated against Plaintiff in violation of the FMLA by demoting her and cutting her hours for seeking time off under the FMLA.

35. At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff because Plaintiff exercised her right to leave pursuant to the FMLA.

36. As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

37. Because Defendant cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

38. Defendant's violation of the FMLA was willful, as Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, SHIRLEY RIOS, demands judgment against Defendant for back pay, reinstatement and in the alternative front pay in the event reinstatement is not practical, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## DISCRIMINATION UNDER THE ADAAA

39. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through thirty-one (31), above, as if fully set forth herein.

40. Plaintiff was a qualified individual with a disability.

41. Plaintiff was perceived as disabled by Defendant.

42. Defendant was Plaintiff's employer as defined by the ADAAA.

43. Defendant discriminated against Plaintiff because of her actual or perceived disability in violation of the ADAAA.

44. Defendant discriminated against Plaintiff because she exercised her rights under the ADAAA by notifying Defendant of her request for an accommodation of leave from work due to her hospitalization.

45. Defendant had actual or constructive knowledge of the discriminatory conduct.

46. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

47. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

48. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

49. Defendant's violations of the ADAAA were willful.

50. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the ADAAA.

WHEREFORE, Plaintiff, SHIRLEY RIOS, demands judgment against Defendant for back pay and benefits, interest on back pay and benefits; front pay and benefits and/or lost earning capacity, compensatory damages for emotional pain and suffering, injunctive relief, prejudgment interest; declaratory judgment that Defendant's practices violate the ADAAA, costs and attorney's fees, and such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION UNDER THE FCRA

51. Plaintiff re-alleges and incorporates all allegations contained within

Paragraphs one (1) through thirty-one (31), above, as if fully set forth herein.

52. Plaintiff was a qualified individual with a disability.

53. Plaintiff was perceived as disabled by Defendant.

54. Defendant was Plaintiff's employer as defined by the FCRA.

55. Defendant discriminated against Plaintiff because of her actual or perceived disability in violation of the FCRA.

56. Defendant discriminated against Plaintiff because she exercised her rights under the FCRA by notifying Defendant of her request for an accommodation of leave from work due to her hospitalization.

57. Defendant had actual or constructive knowledge of the discriminatory conduct.

58. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

59. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the FCRA.

60. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

61. Defendant's violations of the FCRA were willful.

62. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the FCRA.

**WHEREFORE**, Plaintiff. SHIRLEY RIOS, demands judgment against Defendant for back pay and benefits, interest on back pay and benefits; front pay and benefits and/or

lost earning capacity, compensatory damages for emotional pain and suffering, injunctive relief, prejudgment interest; declaratory judgment that Defendant's practices violate the ADAAA, costs and attorney's fees, and such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 7th day of June, 2019.

Respectfully submitted,

**/s/ JOLIE PAVLOS, ESQ.**
Jolie Pavlos, Esquire
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue, 16th Floor
Orlando, FL 32801
Telephone: (407) 245-3517
Facsimile: (407) 204-2206
Email: jpavlos@forthepeople.com
*Attorneys for Plaintiff*